UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:16-cr-251-TWP-MJD-17 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) (COMPASSIONATE RELEASE) |
| REYNOLD DE LA TORRE | |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:16-cr-00251-TWP-MJD-17 |
| | ) |
| REYNOLD DE LA TORRE, | ) |
| | ) |
| Defendant. | ) |

## ORDER

This matter is before the Court on Defendant Reynold De La Torre's ("Mr. De La Torre") Motion for Compassionate Release under § 603 of the First Step Act of 2018, which is codified at 18 U.S.C. § 3582(c)(1)(A), (Dkt. 1368). Mr. De La Torre seeks immediate release from incarceration based on his risk of severe illness should he contract COVID-19 again. *Id*. For the reasons explained below, his Motion is **denied**.

## I.     BACKGROUND

In 2018, Mr. De La Torre pled guilty to one count of Conspiracy To Possess With Intent To Distribute, And To Distribute 500 Grams Of More Of Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count 1), and one count of Possession Of A Firearm In Furtherance Of A Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A) (Count 14). (Dkts. 891, 895.) The Court sentenced Mr. De La Torre to 120 months of imprisonment on Count 1 and 60 months of imprisonment on Count 14, to run consecutively, for a total of 180 months of imprisonment. (Dkt. 895 at 2.) The Court also imposed a 5 year term of supervised release. *Id.* at 3. Mr. De La Torre is currently serving his sentence at the Federal Correctional Institution in Sandstone, Minnesota ("FCI Sandstone"). *See* https://www.bop.gov/inmateloc/ (last visited Oct.

29, 2021).  According to the Bureau of Prisons ("BOP"), his anticipated release date (with good-conduct time included) is December 8, 2029.

On January 8, 2021, Mr. De La Torre filed his Motion for compassionate release *pro se*, (Dkt. 1368), and on February 9, 2021, the Government filed its Response in Opposition to the Motion, (Dkt. 1380). Mr. De La Torre filed his Reply on February 22, 2021, (Dkt. 1382).  The Court subsequently ordered Mr. De La Torre to show cause why the Court should not deny his motion for compassionate release because the risk presented by the COVID-19 pandemic no longer presents an extraordinary and compelling reason for his release. (Dkt. 1439.) Mr. De La Torre responded to the Court's Order, stating that he declined the COVID-19 vaccine when it was offered to him for several reasons: (1) he had seen other inmates have negative reactions from the vaccine, ranging from severe illness to swollen hands and feet and heart conditions; (2) he has recovered from the COVID-19 virus and would not benefit from vaccination; (3) the negative reaction to the vaccine could be life threatening for Mr. De La Torre; and (4) fully vaccinated individuals are still dying from the vaccination due to the Delta variant, which "side-steps" the vaccine.  (Dkt. 1446.) The Motion is now ripe for decision.  As explained below, Mr. De La Torre has not presented an extraordinary and compelling reason warranting relief under § 3582(c)(1)(A).  Thus, his Motion must be **denied**.

## II.    LEGAL STANDARD

The general rule is that sentences imposed in federal criminal cases are final and may not be modified.  18 U.S.C. § 3582(c).  Yet, under one exception to this rule, the court may "reduce a prison sentence if, 'after considering the factors set forth in section 3553(a) to the extent that they are applicable,' it finds 'extraordinary and compelling reasons warrant[ing] such a reduction.' 18 U.S.C. § 3582(c)(1)(A)."  *United States v. Sanders*, 992 F.3d 583, 587 (7th Cir. 2021) (quoting 18

U.S.C. § 3582(c)(1)(A)). The Seventh Circuit has held that a court has broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). But, "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

### III.  DISCUSSION

Mr. De La Torre argues that he has established extraordinary and compelling reasons for release because he has various medical conditions (including a prior case of pancreatitis, predisposition to diabetes and obesity) that place him at risk for having a severe illness if re-infected with COVID-19 and he cannot adequately protect himself from being re-infected while incarcerated. (*See* Dkts. 1368, 1382.) He also argues that he was not convicted of any violent crimes and the sentencing factors in § 3553(a) favor release, emphasizing that he has completed hundreds of hours of classes with the BOP, and he has secured employment and plans to live with the mother of his children if released. *Id.*

In opposition to Mr. De La Torre's motion, the Government argues that Mr. De La Torre has already contracted and recovered from COVID-19 and therefore cannot establish extraordinary and compelling reasons to grant release. (Dkt. 1380 at 3.) It also argues that Mr. De La Torre would pose a danger to the community if released and the sentencing factors under 18 U.S.C. § 3553(a) weigh against release due to his criminal history and numerous disciplinary infractions while incarcerated. *Id.* at 10.

In response to the Court's show cause Order, Mr. De La Torre states that he declined the vaccine for several reasons. First, he cites to an opinion article from a doctor in the *Wall Street Journal* which speculates about possible vaccine side effects and states that there are no published

4

studies demonstrating that patients with a prior COVID-19 infection benefit from a vaccine. (*See* Dkt. 1446-1.) Mr. De La Torre also argues that due to his obesity and the Delta variant of COVID-19, it is not clear that the vaccine would even be effective for him. (Dkt. 1446 at 2.)

The question before this Court is not whether Mr. De La Torre has presented a good enough reason for declining the vaccine. He is, of course, free to refuse the vaccine. The question the Court faces is whether extraordinary and compelling reasons support his immediate release. They do not.

Recently, the United States Court of Appeals for the Seventh Circuit held that COVID-19 could not be an extraordinary and compelling reason for release for an inmate who had declined the vaccine without an adequate medical justification. *See United States v. Broadfield*, 5 F.4th 801 (7th Cir. 2021). In so holding, the court reasoned,

> [F]or the many prisoners who seek release based on the special risks created by COVID-19 for people living in close quarters, vaccines offer far more relief than a judicial order. A prisoner who can show that he is unable to receive or benefit from a vaccine may still turn to this statute, but, for the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release.

*Id.* at 803. Moreover, the court concluded that "[t]he federal judiciary need not accept a prisoner's self-diagnosed skepticism about the COVID-19 vaccines as an adequate explanation for remaining unvaccinated, when the responsible agencies all deem vaccination safe and effective." *Id.*

Mr. De La Torre refused the opportunity to receive the vaccine, but he has not presented evidence that the vaccine is medically contraindicated for him. The Court also need not accept his self-diagnosed skepticism about the COVID-19 vaccines. *Id.* Three vaccines are being widely distributed in the United States. Although no vaccine is perfect, the Centers for Disease Control and Prevention ("CDC") reports that all COVID-19 vaccines currently authorized for use in the United States helped protect people against COVID-19, including severe illness, in clinical trial

settings. https://www.cdc.gov/coronavirus/2019-ncov/vaccines/effectiveness/work.html (last visited Oct. 29, 2021). Despite Mr. De La Torre's speculation that the vaccine might not work against new variants of the virus, the CDC also reports that the COVID-19 vaccines authorized for use in the United States offer protection against most variants currently spreading in the United States. *Id.* Even after Delta became the most common variant of COVID-19, the CDC reports that fully vaccinated people's risk of being hospitalized or dying from the virus was reduced by 10 times as compared to unvaccinated people. *See* https://www.cdc.gov/mmwr/volumes/70/wr/mm7037e1.htm (last visited Oct. 29, 2021). Moreover, the CDC has unequivocally stated that COVID-19 vaccines are safe and effective and, to date, the systems in place to monitor the safety of these vaccines have found only two serious types of health problems after vaccination [anaphylaxis and thrombosis with thrombocytopenia syndrome (TTS) after vaccination with J&J/Janssen COVID-19 Vaccine], both of which are rare. *See* https://www.cdc.gov/coronavirus/2019-ncov/vaccines/safety/safety-of-vaccines.html (last visited Oct. 29, 2021). Finally, the CDC has also stated that evidence is emerging that people get better protection by being fully vaccinated compared with having had COVID-19 and therefore recommends that individuals who had previous infections still get vaccinated. *See* https://www.cdc.gov/coronavirus/2019-ncov/vaccines/prepare-for-vaccination.html (last visited Oct. 29, 2021).

Given these facts and under *Broadfield*, the Court finds that Mr. De La Torre has not shown an extraordinary and compelling reason warranting relief under § 3582(c)(1)(A)(i). To the extent that Mr. De La Torre complains about the handling of the pandemic at FCI Sandstone, (*see* Dkt. 1382 at 1), such allegations might form the basis for relief in a civil suit filed in Mr. De La Torre's

district of incarceration, but such allegations are not grounds for a sentence reduction under § 3582(c)(1)(A). *See United States v. Dotson*, 849 F. App'x 598, 601 (7th Cir. 2021).

Because Mr. De La Torre has not shown an extraordinary and compelling reason warranting a sentence reduction, the Court need not discuss whether the § 3553(a) factors favor release.

## IV.   CONCLUSION

For the reasons stated above, Mr. De La Torre's Motion for compassionate release, (Dkt. [1368]), is **DENIED**.

**SO ORDERED.**

Date:  11/2/2021

DISTRIBUTION:

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Reynold De La Torre, Reg. No. 15502-028
Federal Correctional Institution
P.O. Box 1000
Sandstone, Minnesota  55072

Michelle Patricia Brady
UNITED STATES ATTORNEY'S OFFICE
michelle.brady@usdoj.gov