UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:16-cr-251-TWP-MJD-17 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| REYNOLD DE LA TORRE | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission, IT IS ORDERED that the motion is:

☐ DENIED WITHOUT PREJUDICE.

☒ DENIED.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:16-cr-00251-TWP-MJD-17 |
| | ) |
| REYNOLD DE LA TORRE, | ) |
| | ) |
| Defendant. | ) |

**ORDER DENYING MOTION FOR COMPASSIONATE RELEASE**

This matter is before the Court on Defendant Reynold De La Torre's ("De La Torre") Motion for Compassionate Release. (Dkt. 1483.) For the reasons explained below, the Motion is **denied**.

## I. DISCUSSION

In 2018, De La Torre pled guilty to Count 1: Conspiracy to Possess With Intent to Distribute, and to Distribute 500 Grams or More of Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and Count 14: Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A). (Dkts. 891, 895.) The Court sentenced De La Torre to 120 months of imprisonment on Count 1 and 60 months of imprisonment on Count 14, to run consecutively, for a total of 180 months of imprisonment. (Dkt. 895 at 2.) The Court also imposed a term of five years per count of supervised release, concurrent. *Id*. at 3.

In 2021, De La Torre filed a motion for sentence reduction under 18 U.S.C. § 3582(c)(1), arguing that he established extraordinary and compelling reasons for release because he has various medical conditions (including a prior case of pancreatitis, predisposition to diabetes, and obesity) that place him at risk for having a severe illness if reinfected with COVID-19, and he cannot adequately protect himself from being reinfected while incarcerated. (Dkt. 1368.) The

2

Court denied the motion, finding that De La Torre refused the opportunity to receive the vaccine, but he had not presented evidence that the vaccine is medically contraindicated for him, and that the Court need not accept his self-diagnosed skepticism about the COVID-19 vaccines. (Dkt. 1462.) The Court further found that De La Torre's concern about the safety of the vaccines and their efficacy against variants was unfounded. *Id.*

Several months after the Court denied the motion, De La Torre has filed another motion under § 3582(c)(1)(A).[1] Again, he argues that he establishes extraordinary and compelling reasons for release because he has various medical conditions (including a prior case of pancreatitis, diabetes, a history of liver disease, and obesity) that place him at risk for having a severe illness if reinfected with COVID-19. (Dkt. 1483.) He also argues that even vaccinated individuals are getting infected, and the vaccines do not protect against the Omicron variant; thus, he cannot benefit from a vaccine. The Court concludes that it does not require a response from the Government to resolve the issues raised by De La Torre's Motion.

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet, under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that a court has broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). The court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27

---

[1] It is not clear whether De La Torre was attempting to file a renewed motion or a motion for reconsideration. Because it is a more favorable standard for him, the Court will consider it as a renewed motion.

F.4th 560, 563 (7th Cir. 2022), but ultimately, "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

De La Torre's reason for requesting a sentence reduction—the risk to his physical health presented by COVID-19, particularly in light of his medical conditions—is not an extraordinary and compelling reason to release him or reduce his sentence, either alone or in combination with any other reason. The United States Court of Appeals for the Seventh Circuit has held that COVID-19 cannot be an extraordinary and compelling reason to reduce the sentence of an inmate who had declined the vaccine without an adequate medical justification. *See United States v. Broadfield*, 5 F.4th 801 (7th Cir. 2021). In so holding, the court reasoned,

> [F]or the many prisoners who seek release based on the special risks created by COVID-19 for people living in close quarters, vaccines offer far more relief than a judicial order. A prisoner who can show that he is unable to receive or benefit from a vaccine may still turn to this statute, but, for the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release.

*Id.* at 803. Moreover, the court concluded that "[t]he federal judiciary need not accept a prisoner's self-diagnosed skepticism about the COVID-19 vaccines as an adequate explanation for remaining unvaccinated, when the responsible agencies all deem vaccination safe and effective." *Id.*

Here, De La Torre was offered and declined the vaccine because he believes that the vaccine's reduced efficacy against Omicron and the other variants, and the allegedly lesser effectiveness of the vaccine in obese individuals, mean that he cannot benefit from a vaccine. While vaccinated individuals may become infected with COVID-19 due to variants, the vaccines are still providing significant protection against severe illness, which is the Court's focus in this Motion. *See* https://www.cdc.gov/coronavirus/2019-ncov/vaccines/ effectiveness /work.html (last visited Aug. 29, 2022) ("COVID-19 vaccines used in the United States continue to protect against

4

severe disease, hospitalization, and death from known circulating variants. They may not be as effective in preventing *infection* from these variants") (emphasis added).

De La Torre also relies on a small study from Rome suggesting that the COVID-19 vaccine may be only about half as effective in people with obesity than those at a healthy weight. (Dkt. 1483 at 4 (citing https://www.theguardian.com/world/2021/feb/28/pfizer-vaccine-less-effective-obesity-study) (last accessed Aug. 31, 2022).) But that study is not peer-reviewed, *see id.*, and the Court declines to find it sufficient to carry the burden of showing that De La Torre cannot benefit from the COVID-19 vaccine. Regardless, that study at best shows that the immune systems of people with obesity do not respond as strongly to the COVID-19 vaccine as people without those conditions, *id.*, not that the COVID-19 vaccine will fail to protect people with obesity from severe COVID-19 symptoms, which is the key issue in deciding whether risk from COVID-19 potentially warrants compassionate release. De La Torre also cites to an article about a small study of vaccinated Japanese healthcare workers that examined antibody response in men and women. The study has not been peer-reviewed and, as acknowledged by the article, "the findings of the study confirm that the Pfizer-BioNTech vaccine was highly effective at producing seroconversion. The titers of immunoglobulin G (IgG) antibodies against the SARS-CoV-2 spike protein were high across the range of participants, thus confirming reports that were obtained during clinical trials." *Id.* (citing https://www.news-medical.net/news/20210907/COVID-19-vaccine-antibodies-inversely-related-to-BMI-in-obese-men-but-not-women.aspx) (last accessed Aug. 31, 2022). For these reasons, the Court is not persuaded by his arguments and determines that De La Torre has failed to carry his burden to show that he cannot receive or benefit from a vaccine.

## II.  CONCLUSION

For the reasons stated above, De La Torre has not shown an extraordinary and compelling reason warranting release, and the Court need not consider whether the sentencing factors in § 3553(a) weigh in favor of a sentence reduction.  Accordingly, De La Torre's Motion for compassionate release, Dkt. [1483], is **DENIED**.

**SO ORDERED.**

Date:  9/9/2022

_____
Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Reynold De La Torre, #15502-028 (K-1)
FCI Sandstone
Federal Correctional Institution
P.O. Box 1000
Sandstone, Minnesota  55072

Michelle Patricia Brady
UNITED STATES ATTORNEY'S OFFICE
michelle.brady@usdoj.gov