UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:16-cr-00251-TWP-MJD |
| | ) | |
| REYNOLD DE LA TORRE, | ) | -17 |
| | ) | |
| Defendant. | ) | |

## ORDER

This matter is before the Court on Defendant Reynold De La Torre's ("De La Torre") *pro se* Motion for Clarification Pursuant to Rule 36 of the Federal Rules of Criminal Procedure (Dkt. 1655). For the reasons explained below, the Motion is **denied**.

On April 24, 2018, Reynold De La Torre was sentenced on Count 1, Conspiracy to Possess with Intent to Distribute and to Distribute 500 Grams of More of Methamphetamine pursuant to 21 U.S.C. §§ 841(a)(1) and 846), and Count 14, Possession of a Firearm in Furtherance of a Drug Trafficking Crime pursuant 18 U.S.C. § 924(c). He received a sentence of 120 months on Count 1, and a consecutive sentence of 60 months on Count 14, for a total term of 180 months of imprisonment. In addition, he received concurrent five-year terms of supervised release on each of Counts 1 and 14.

In his Motion, Del La Torre asks the Court to issue a clarification, pursuant to Fed. R. Crim. P. 36, stating that his 60-month judgment under 18 U.S.C. § 924(c) was intended by the Court to be a separate, mandatory, stand-alone term and the remaining 21 U.S.C. §§ 841(a)(1) and 846 sentence should be served independently (Dkt. 165.) He asserts that the clarification will assist the Bureau of Prisons in its assessment of his First Step Time Credit eligibility. *Id*.

The Government opposes the Motion for several reasons (Dkt. 1658), and the Probation Officer opposes it as well, stating  that the clarification sought is not legally appropriate. (Dkt. 1662).  The Court agrees with the Government and Probation Officer that the relief De La Torre requests is not provided by Rule 36. In essence, De La Torre is asking this Court to substantively alter the judgment and change whether the Bureau of Prisons will apply a credit created by the First Step Act. (*See* Dkt. 1655 at 2; Dkt. 1656 at 1.)

Under the First Step Act, an inmate is ineligible to receive time credits if they are serving a sentence for a conviction under certain provisions of law. The list of disqualifying offenses includes Title 18, Chapter 44, Section 924(c), relating to unlawful possession of a firearm.  De La Torre's sentences on Counts 1 and 14 are aggregated, as he is presently serving prison terms for both convictions; henceforth, his § 924(c) conviction disqualifies him from receiving First Step Act credits.  It was not the Court's intent to impose the sentences separately or standalone. De La Torre's § 924(c) conviction in Count 14 is not a separate but mandatory, sentence to Count 1, and Count 1 is not being served independently. The imposed sentences on Counts 1 and 14 are aggregated; therefore, De La Tore is ineligible to receive First Step Act time credits.

Accordingly, the Motion for Clarification, [Dkt.] 1655, is **DENIED** because the clarification sought is not legally justified.

**IT IS SO ORDERED.**

Date:    10/28/2025

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Electronic Notice to USPO

Michelle Patricia Brady
UNITED STATES ATTORNEY'S OFFICE
michelle.brady@usdoj.gov

Colin Clark
United States Attorney's Office, Southern District of I
Colin.Clark@usdoj.gov

Nicholas J. Linder
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
nick.linder@usdoj.gov

Tiffany Jacqueline Preston
DOJ-USAO
tiffany.preston@usdoj.gov

Brian L. Reitz
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
brian.reitz@usdoj.gov

Kelly Rota
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
kelly.rota@usdoj.gov

Reynold De La Torre
Register Number: 15502-028
FCI Beaumont Low
FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 26020
BEAUMONT, TX   77720